UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUOYU WANG,<br><br>    Plaintiff,<br><br>  v.<br><br>CLEVELAND BIOLABS, INC., LEA VERNY, RANDY S. SALUCK, ALEXANDER ANDRYUSHECHKIN, DANIIL TALYANSKIY, ANNA EVDOKIMOVA, IVAN FEDYUNIN, HIGH STREET ACQUISITION CORP., and CYTOCOM, INC.,<br><br>    Defendants. | )<br>)<br>)<br>) Case No. _____<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On October 16, 2020, Cleveland BioLabs, Inc.'s ("Cleveland" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused Cleveland to enter into an agreement and plan of merger (the "Merger Agreement") with High Street Acquisition Corp. ("Merger Sub") and Cytocom, Inc. ("Cytocom").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Cytocom, with Cytocom surviving as a wholly-owned subsidiary of Cleveland; and (ii) Cleveland will issue shares of common stock to the stockholders of Cytocom (the "Proposed Transaction").

3. On February 16, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Cleveland common stock.

9. Defendant Cleveland is a Delaware corporation and maintains its principal executive offices at 73 High Street, Buffalo, New York 14203.  Cleveland's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol

"CBLI."

10. Defendant Lea Verny is Chairman of the Board of the Company.

11. Defendant Randy S. Saluck is a director of the Company.

12. Defendant Alexander Andryushechkin is a director of the Company.

13. Defendant Daniil Talyanskiy is a director of the Company.

14. Defendant Anna Evdokimova is a director of the Company.

15. Defendant Ivan Fedyunin is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Cleveland, and a party to the Merger Agreement.

18. Defendant Cytocom is a Delaware corporation and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Proposed Transaction*

19. On October 16, 2020, Cleveland's Board caused the Company to enter into the Merger Agreement with Merger Sub and Cytocom.

20. Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Cytocom, with Cytocom surviving as a wholly-owned subsidiary of Cleveland; and (ii) Cleveland will issue shares of common stock to the stockholders of Cytocom.

21. According to the press release announcing the Proposed Transaction:

Cytocom, Inc. (Cytocom), a leading biopharmaceutical company in the area of immune-modulation, and Cleveland BioLabs, Inc., (NASDAQ: CBLI), an innovative biopharmaceutical company developing novel approaches to activate the immune system, today announced that they have entered into a definitive

merger agreement to combine their businesses in an all-stock transaction. Cytocom shareholders will have a majority position in the newly combined entity, which the parties anticipate will continue to be listed on the Nasdaq, and the initial Board of Directors for the combined company will consist of four members selected by Cytocom and three members selected by Cleveland BioLabs. The Boards of Directors of both companies have approved the combination. . . .

Conditions

The proposed transaction is subject to customary closing conditions, including approval by the stockholders of Cleveland Biolabs, the shares of the combined company being approved for listing on Nasdaq and a registration statement under the Securities Act becoming effective. Cytocom and Cleveland Biolabs expect the transaction to close during the first quarter of 2021.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

22. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

23. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

24. First, the Registration Statement omits the Company's and Cytocom's financial projections.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

26. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Cassel Salpeter & Co., LLC ("CS").

27. With respect to CS's Risk-Adjusted Net Present Value Analysis, the Registration Statement fails to disclose: (i) the risk-adjusted and non-risk-adjusted free cash flows of Cytocom and all underlying line items; and (ii) the individual inputs and assumptions underlying the discount rates and terminal growth rates used in the analysis.

28. With respect to CS's Selected Companies Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

29. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

30. Third, the Registration Statement fails to disclose the timing and nature of any past services CS or its affiliates performed for the parties to the Merger Agreement or their affiliates, as well as the amount of compensation received by CS or its affiliates for providing the services.

31. Fourth, the Registration Statement fails to disclose whether the Company executed any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions.

32. The omission of the above-referenced material information renders the Registration Statement false and misleading.

33. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Cleveland**

34. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule

14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Cleveland is liable as the issuer of these statements.

36. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

37. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

39. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

40. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

41. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Cytocom

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants and Cytocom acted as controlling persons of Cleveland within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Cleveland and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants and Cytocom was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

46. Cytocom also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

47. By virtue of the foregoing, the Individual Defendants and Cytocom violated Section 20(a) of the 1934 Act.

48. As set forth above, the Individual Defendants and Cytocom had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 18, 2021            **RIGRODSKY LAW, P.A.**

By: */s/ Timothy J. MacFall*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*